IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randolph Ashford, | C/A No. 0:25-cv-1156-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| T. Byrne (MD); P. Derrick (RN/HCA), | |
| Defendants. | |

## I.      INTRODUCTION

Plaintiff Randolph Ashford, ("Plaintiff") proceeding pro se, initiated this claim and filed a motion for a preliminary injunction ("PI"). (ECF No. 44). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Specifically, the Magistrate Judge performed an initial review of Plaintiff's motion for a PI. After reviewing the motion, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 105). Within the Report, the Magistrate Judge opines that Plaintiff's motion should be denied. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on March 6, 2026. (ECF No. 129). Therefore, this matter is ripe for review.

1

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

2

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for PI is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Relevant here, the Magistrate Judge determined that Plaintiff's motion should be denied because he failed to show a likelihood of success on

3

the merits. In response, Plaintiff has objected to "Pages 3 of 5 and 4 of 5" of the Report. (ECF No. 129).

Within his objection, Plaintiff takes issue with the Magistrate Judge's determination that he has failed to show likelihood of success on the merits. Specifically, Plaintiff alleges he has shown that these Defendants have effectively denied him medical care in the form of orthopedic shoes prescribed by another specialist. This argument was considered and rejected by the Magistrate Judge. Specifically, the Report notes that Defendant Byrne examined Plaintiff and did not believe orthopedic inserts were necessary. The Report also noted that SCDC must approve all special shoes or insoles, and subjective pain will not ordinarily be an indication for the purchasing of special footwear. Plaintiff clearly disagrees with Bynes' determination. However, the deliberate indifference standard "is not satisfied by ... mere disagreement concerning '[q]uestions of medical judgment,' or mere negligence in diagnosis or treatment." See *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013); *Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008) ("Put simply, negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference.").

As stated in the Report, Plaintiff may disagree with the medical services provided to date. However, he has failed to show how the services received were constitutionally deficient. Accordingly, Plaintiff has failed to show a likelihood of success on the merits. Thus, his objection is overruled.

4

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 105). For the reasons discussed above and in the Report, Plaintiff's motion for a PI (ECF No. 44) is denied. This matter is recommitted back to the Magistrate Judge for further review.

IT IS SO ORDERED.

March 12, 2026                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge