IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randolph Ashford,<br><br>Plaintiff,<br><br>v.<br><br>T. Byrne (MD); P. Derrick (RN/HCA),<br><br>Defendants. | C/A No. 0:25-cv-1156-JFA-PJG<br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff Randolph Ashford, ("Plaintiff") proceeding pro se, filed this civil rights case pursuant to 42 U.S.C. § 1983 against two medical provider defendants. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Specifically, the Magistrate Judge performed an initial review of Plaintiff's motion for summary judgment (ECF No. 85) and Defendants' motion for summary judgment (ECF No. 143). After reviewing the motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 151). Within the Report, the Magistrate Judge opines that Plaintiff's motion should be denied and Defendants' motion granted. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. In response to the Report, Plaintiff submitted a litany of motions, letters, objections, exhibits, and other filings. (ECF Nos. 154, 159, 165, 167, 168, 169, &

171). Defendants supplied a variety of responses. (ECF Nos. 172, 172, & 175). Therefore, this matter is ripe for review.

## II. LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir. 2012).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Relevant here, the Magistrate Judge determined that

Plaintiff's motion should be denied and Defendants' motion for summary judgment should be granted. (ECF No. 151).

Despite his numerous filings, Plaintiff has failed to address the substance or analysis of the Report in any way. Instead, Plaintiff claims that he never received a copy of Defendants' motion for summary judgment or the court's *Roseboro* Order[1]. Accordingly, Plaintiff requests that the Report be rescinded[2], vacated[3], rejected[4], stayed[5], or otherwise voided as he was not afforded a proper opportunity to respond to Defendants' motion.

The problem with Plaintiff's assertion that he never received Defendants' motion is that it is not accurate. The record before the court, namely Plaintiff's own admissions and exhibits, shows that Plaintiff received Defendants' motion and this Court's orders yet refused to accept them from prison staff. Accordingly, many documents were returned to this Court. Specifically, the record shows that Plaintiff himself states in a letter dated May 11, 2026, that on May 7, 2026 a "security staff member came to me with what appeared to be legal documents from your court, and defendant's attorney which were receive at this institution mailroom April 13, and 23, 2026." (ECF No. 154, p.1).[6] However, Plaintiff goes on to note that "I requested your mail (Legal) be returned to sender for my protection." *Id.* Plaintiff offers no other explanation for why he refused his legal mail. It does not appear

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).
[2] (ECF No. 167).
[3] (ECF No. 165, 169).
[4] (ECF No. 171).
[5] (ECF No. 167).
[6] Plaintiff filed several copies of this letter within subsequent filings.

that the submissions within this letter were Defendants' motion or the Court's *Roseboro* order as the Motion was filed on April 28, 2026, and the *Roseboro* Order issued on April 29, 2026.[7] However, Plaintiff's later exhibits conclusively show that these documents were received by Plaintiff's correctional institution and multiple attempts were made to deliver both the motion for summary judgment and *Roseboro* Order to Plaintiff. Plaintiff submitted two "Receipt of Legal Correspondence Verification" forms that indicate filings from the "SC US District Court" were received on "4/13, 5/1, & 5/4." (ECF No. 173-3, p. 1). These filings would include the court's April 29, 2026, *Roseboro* Order. The form notes that the mailroom "documented three attempts to deliver the correspondence" and further noted "mail refused on 5/23/26."[8] *Id.*

A second form notes the same is true of documents mailed from "The McKay Firm" and received at the prison on "4/1, 4/13, & 5/1." (ECF No. 173-3, p. 2). This would include Defendants' motion for summary judgment which was filed on April 28, 2026. Again, this form noted three attempted deliveries and stated, "mail refused on 5/23/26." *Id.*

Moreover, the *Roseboro* Order was returned to the court with a label stating, "Return to Sender Unclaimed." (ECF No. 156-1, p.1). The envelope is stamped "unclaimed by inmate" in two separate locations.

---

[7] These filings were likely Defense Counsel's motion for extension of time to file a dispositive motion and the Court's Order granting the extension.

[8] The refusal on May 23 was made after Plaintiff drafted his initial May 11 letter which detailed his refusal to accept several pieces of legal mail. Notably, had Plaintiff accepted his legal mail on May 23, 2026, he would have been within the response period as prescribed by the *Roseboro* Order.

Given the above, it is clear that Plaintiff did indeed receive Defendants' motion for summary judgment and this court's *Roseboro* Order. However, he failed to accept, read, or properly respond to those filings. Given Plaintiff's admitted refusal to accept these documents, he may not now claim the Report should be rejected because he never received Defendant's' motion. Plaintiff may not bury his head in the sand and cry foul when an adverse ruling is levied against him.

Moreover, Plaintiff requested and received an extension of time to respond the Report. However, he failed to lodge any specific objections to the merits or analysis of the Report. Plaintiff was free to contest the substance of Defendants' summary judgment via objections to the Report, yet he failed to do so. Instead, Plaintiff continued to aver he never received the motion for summary judgment. In short, Plaintiff had ample opportunities to properly litigate his claims and voluntarily refused. Accordingly, Plaintiff's various requests to rescind or vacate the Report are denied.

As mentioned above, Plaintiff failed to object to the substance, analysis, or factual recitation within the Report despite his numerous filings. Plaintiff's filings fail to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Plaintiff feels has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Plaintiff has failed to offer any specific objections which would allow for a de novo review, the court is only required to review the Report for clear error and is not required to give an

explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

Accordingly, Defendants' motion for summary judgment should be granted and Plaintiff's denied.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 151). For the reasons discussed above and in the Report, Plaintiff's motion for summary judgment (ECF No. 85) is denied and Defendants' motion for summary judgment (ECF No. 143) is granted. For the reasons discussed above, Plaintiff's various motions to vacate or rescind the Report are likewise denied. (ECF Nos. 165, 167, & 169). All other pending motions are terminated as moot.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

August 18, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge